# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **CONCILIO DE SALUD INTEGRAL DE LOÍZA, INC.,**  *Plaintiff,*  v.  **FELDESMAN, TUCKER, LEIFER, FIDELL, LLP, et al.,**  *Defendants.* | **CIVIL NO. 17-1410 (DRD)** |

## OPINION AND ORDER

Pending before the Court is a *Motion for Judgment on the Pleadings* (Docket No. 14) filed by Defendants, James Feldesman in his individual capacity, and Feldesman, Tucker, Leifer, Fidell, LLP, which was opposed by Plaintiff (Docket No. 21) and replied by Defendants (Docket No. 24). In synthesis, Defendants seek to dismiss the instant action with prejudice because it is time barred and is also based in meritless grounds. *See* Docket No. 14.

For the reasons stated herein, the Court **GRANTS** Defendants' *Motion for Judgment on the Pleadings* (Docket No. 14).

### I. FACTUAL BACKGROUND

In early 2007, co-defendant, James L. Feldesman, sent an engagement letter to Plaintiffs submitting a proposal of professional services on behalf of him and his law firm for the creation and development of a Health Maintenance Organization (hereinafter, "HMO"), destined to "receive and manage a capitated Medicare managed care contract".

*See* Docket No. 1, ¶ 1. After receiving the proposal[1], Plaintiff[2] entered into an Agreement (hereinafter, "the 2007 Agreement") with Defendants for the creation of the HMO. *Id.*

Upon Plaintiffs' contribution of $250,000.00[3], "the Defendants started working on the development of the HMO entity with various consultants and experts. *Id.* ¶ 32. During the professional relationship between the parties regarding the 2007 Agreement, Plaintiff paid approximately $525,000.00 for Defendants' services in forming the proposed HMO. *Id.* As part of the legal representation provided by Defendants, a complaint was filed before the United States District Court for the District of Columbia (Washington DC) captioned *Concilio de Salud Integral de Loíza, Inc. v. U.S. Department of Health and Human Services*, et al., Civil No. 07-CV-1034 (RMC). *See* Docket No. 13-7. The complaint was eventually dismissed, Defendants then filing an appeal before the US Court of Appeals for the District of Columbia Circuit under Civil No. 08-5072. The parties of the case in appeal jointly requested its dismissal, which was granted by the Court of Appeals on July 28, 2009. Several updates were provided during the professional relationship between the parties regarding the status of the project. *See* Docket Nos. 13-24 to 13-28. However, to

---

[1] The proposal specifically stated the following: "Of course, as both of you know from the many times we have discussed the new project and litigation already (and soon to be) brought with you and your Boards, there is no certainty of success. What we will be doing is novel, depends on the outcome of litigation (something that cannot be guaranteed), will face political hurdles and eventually will require funds from other centers or investors or from your centers (out of future wraparound payments). I would have not suggested the project unless I believed it had good prospects of success. Nevertheless, as I have previously stated to both of you and your Boards, if all of us – your centers, the firm, the project team, and others who join in – do this right and we get a little lucky, it can succeed, but the obstacles are formidable." *See* Docket No. 13-2.

[2] Junta del Centro de Salud Comunal Dr. José S. Belaval, Inc., who is not a party in the instant case, also showed interest in Defendants' proposal. See Docket No. 1 ¶ 24.

[3] Plaintiff and Junta de Centro de Salud Comunal Dr. José S. Belaval were to pay $250,000.00 separately to Defendants for the creation of the HMO. *Id.* ¶ 30.

2

this day, the HMO entity has not been formed. *Id.* On April 28, 2016, Plaintiffs informed Defendants they had decided to contract the services of Mr. [Robert] Graham to continue to represent the CSILO in the referenced case."[4] *See* Docket No. 13-30.

On March 29, 2017, Plaintiff filed a complaint against Defendants for fraudulent inducement ("Dolo") pursuant to Articles 1217 *et seq.* of Puerto Rico's Civil Code, 31 L.P.R.A. §§ 3404 *et seq.*; material breach of contract pursuant to Articles 1206 *et seq.*; and Torts damages pursuant to Articles 1802 and 1803 of Puerto Rico's Civil Code, 31 L.P.R.A. §§ 5141-5142. *Id.* ¶ 3. Plaintiff is seeking compensatory, punitive, double and liquidated damages and equitable and injunctive relief against Defendants. *Id* at ¶ 4. Defendants seek to dismiss the instant action with prejudice because it is time barred and is also based in meritless grounds. *See* Docket No. 14.

However, prior to addressing the merits of said motion, the Court must review the applicable legal foundation.

## II. APPLICABLE LAW

### A. *Motion for Judgment on the Pleadings*

Federal Rule of Civil Procedure 12(c) ("Rule 12(c)") provides that a party may move for judgment on the pleadings after the pleadings are closed, but early enough not to delay trial. A motion under Rule 12(c) is treated much the same as a motion under Rule 12(b)(6)[5]. *Aponte–Torres v. University of Puerto Rico*, 445 F.3d 50, 54 (1st Cir.2006). The court

---

[4] Mr. Robert A. Graham is a former employee of Feldesman, Tucker, Leifer, Fidell, LLP.
[5] Rule 12(b)(6) provides the mechanism in order to raise defenses to a claim for relief. "A party may assert the following defenses by motion: . . . (6) failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

must review the facts contained in the pleadings in the light most favorable to the non-movant and draw all reasonable inferences in their favor. *Id.* "A court may not grant a defendant's Rule 12(c) motion 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Rivera–Gomez v. de Castro*, 843 F.2d 631, 635 (1st Cir.1988) (quoting *George C. Frey Ready–Mixed Concrete, Inc. v. Pine Hill Concrete Mix Corp.*, 554 F.2d 551, 553 (2nd Cir.1977)). To survive a Rule 12(c) motion, a complaint must contain factual allegations that raise a right to relief above the speculative level. *Perez–Acevedo v. Rivero–Cubano*, 520 F.3d 26, 29 (1st Cir.2008). Under Rule 12(c) there is no resolution of contested facts meaning that the court may enter judgment on the pleadings only if the properly considered facts conclusively establish the movant's point. *R.G. Financial Corp. v. Vergara–Nunez*, 446 F.3d 178, 182 (1st Cir.2006) (citing *Rivera–Gomez*, 843 F.2d at 635).

"Where a motion for judgment on the pleadings introduces materials dehors the records for the court's consideration, the ground rules change." *Gulf Coast Bank & Trust Co. v. Reder*, 355 F.3d 35, 38 (1st Cir.2004). If the court does not exclude the outside materials, the summary judgment standard governs the disposition of the motion. *Id*. A court may convert a motion for judgment on the pleadings to a motion for summary judgment when: (1) the party opposing the motion is given adequate notice of the conversion, and (2) is given a reasonable opportunity to present material made pertinent to the motion for summary judgment. Id. (citing *Collier v. City of Chicopee*, 158 F.3d 601, 603 (1st Cir.1998)). "Express notice is not required." *Id*.

Inasmuch as the Court is only considering the pleadings submitted by the parties, the Court must decide the instant case pursuant to Fed. R. Civ. P. 12(c) and not as a motion for summary judgment.

B.  *Statute of Limitations for Professional Malpractice*

Section 1802 of the Puerto Rico Civil Code provides that "[a] person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done." P.R. Laws Ann. tit. 31, § 5141. Further, the Civil Code also provides that "the following [actions] prescribe in one (1) year: (2) actions to demand civil liability . . . and for obligations arising from the fault or negligence mentioned in § 5141 of this title, from the time the aggrieved person had knowledge thereof." P.R. Laws Ann. tit. 31, § 5298.

Consequently, it is provided that personal injury actions carry a one-year statute of limitations from the moment the aggrieved person has knowledge of the injury. 31 P.R. Laws Ann. tit. 31, § 5298; *Rodriguez v. Suzuki Motor Corp.*, 570 F.3d 402, 406 (1st Cir.2009) ("the statute of limitations starts to run once the injured party knows both that he has suffered a harm and who is responsible for it."). "The Supreme Court of Puerto Rico has stated that a plaintiff will be deemed to have "knowledge" of the injury, for purposes of the statute of limitation, when [he or] she has "notice of the injury, plus notice of the person who caused it." *Rodríguez-Suris v. Montesinos*, 123 F.3d. 10, 13 (1st Cir. 1997) (citing *Colon Prieto v. Geigel*, 115 P.R. Dec. 232, ----, 15 P.R. Offic. Trans. 313, 330 (1984)).

Additionally, "[i]n Puerto Rico, '[p]rofessional malpractice actions are governed by sec. 1802 of the Civil Code, 31 L.P.R.A. § 5141….'" *Rosa v. Hospital Auxilio Mutuo*, 620

5

F.Supp.2d. 239 (D.P.R. 2009) (citing *Ortega v. Pou*, 1994 P.R.-Eng. 909,288, P.R. Offic. Trans.), regardless of whether a contract is involved. *See Rivera v. Dunscombe*, 73 P.R.R. 764, 783 (1952); *Sáez v. Municipality*, 84 P.R.R. 515, 522–523 (1962); *Colón Prieto v. Géigel*, 115 D.P.R. 232, 238 [15 P.R. Offic. Trans. 313, 320–321] (1984); *Chévere v. Cátala*, 115 D.P.R. 432, 445 [15 P.R. Offic. Trans. 572, 587–588] (1984); *see also López Flores v. Cruz Santiago*, 526 F.Supp. 2d 188 (D.P.R. 2007) (holding that one-year statute of limitations governing tort actions are applicable to legal malpractice actions.)

### III. LEGAL ANALYSIS

Plaintiff alleges that the 2007 Agreement constitutes a contract between the parties, thus, the statute of limitations of 15 years for breach of contract is applicable in the instant case. See P.R. Laws Ann. tit. 31, § 5294. Further, it is Plaintiff's contention that since the parties entered into a new "business contract" on March 2007, the breach of contract action is timely.

However, Plaintiff fails to demonstrate how its claims do not fall under professional malpractice, having a statute of limitations of one (1) year instead of fifteen (15). Moreover, the case law has been clear in establishing that professional malpractice actions were governed by section 1802 of the Puerto Rico Civil Code, regardless of whether there is a contract between the parties or not. Plaintiff's contentions rely on Defendants' failure to form the HMO entity that was subject to the 2007 Agreement. Notwithstanding, upon a careful review of the 2007 Agreement (Docket No. 13-2), *Defendants' Amended Answer to Plaintiff's Complaint* (Docket No. 13) and the accompanying exhibits, the Court is forced to conclude that the 2007 Agreement was a legal services

6

agreement which forewarned Plaintiff as to the uncertainty of success of such action, and the outcome could not be guaranteed.

> "Of course, as both of you know from the many times we have discussed the new project and litigation already (and soon to be) brought with you and your Boards, there is no certainty of success. What we will be doing is novel, depends on the outcome of litigation (something that cannot be guaranteed), will face political hurdles and eventually will require funds from other centers or investors or from your centers (out of future wraparound payments). I would have not suggested the project unless I believed it had good prospects of success. Nevertheless, as I have previously stated to both of you and your Boards, if all of us – your centers, the firm, the project team, and others who join in – do this right and we get a little lucky, it can succeed, but the obstacles are formidable."

*See* Docket No. 13-2.

Furthermore, by 2009, the case before the United States Court of Appeals had been dismissed. Thus, it was by 2009 that Plaintiff knew of the injury that Defendants' representation could have caused upon the institution and it was then when the statute of limitations began to run for a claim against the attorneys for non-compliance with a legal services agreement. Plaintiff filed the instant case on March 29, 2017. Plaintiff cannot attempt to remedy its lack of action by claiming a statute of limitations greater than the one conferred by law of one year since the date of the knowledge of the damages.

Consequently, the Court finds that the instant case is time barred, hence must be dismissed.

### IV. CONCLUSION

For the reasons elucidated above, the Court hereby **GRANTS** Defendants' *Motion for Judgment on the Pleadings* (Docket No. 14). Judgment of **DISMISSAL with prejudice** is to be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, on this 6th day of March, 2018.

*S/Daniel R. Domínguez*
Daniel R. Domínguez
United States District Judge